

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# USA v. Ortiz

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ortiz" (2008). *2008 Decisions.* Paper 232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4327
_____

UNITED STATES OF AMERICA

v.

CRISPITED ORTIZ,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:95-cr-00010-HB-1)
District Judge:  Honorable Harvey Bartle III

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before:  McKEE, NYGAARD and MICHEL,[*] *Circuit Judges*.

(Filed: November 14, 2008 )

_____

OPINION OF THE COURT

_____

---

[*]The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals
for the Federal Circuit, sitting by designation.

MICHEL, *Chief Circuit Judge*.

Crispited Ortiz appeals the order of the United States District Court for the Eastern District of Pennsylvania denying his "Motion to Compel an Action Promised by the Government," and the order of the District Court denying his motion to reconsider. For the following reasons, we will affirm.

I.

We write primarily for the parties, and will not recite the facts or procedural history of this case beyond what is necessary to understand our decision. On August 29, 1995, pursuant to a plea agreement, Ortiz pleaded guilty to distribution of heroin in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute heroin in violation of 21 U.S.C. § 846, distribution of heroin within 1,000 feet of a school in violation of 21 U.S.C. § 860(a), and criminal forfeiture under 21 U.S.C. § 853. See United States v. Ortiz, 1997 U.S. Dist. LEXIS 7716, *2 (E.D. Pa. May 29, 1997). Ortiz's plea agreement provided that he agreed "to cooperate fully and truthfully with the government" in a number of respects, and also provided in part as follows:

> 5. If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the government will:
> a. Make the nature and extent of the defendant's cooperation known to the Court.
> b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline § 5K1.1 and to impose a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3552(e), if the government, in its sole discretion, determines

2

that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

Supp. Appx. at 107-08 (emphases added).

On November 30, 1995, Ortiz appeared for sentencing. Counsel for United States advised the District Court that "[b]y the Government's calculation . . . the defendant's offense level is a thirty-nine," and that "the Government has not filed a 5K motion [i.e., a motion pursuant to Sentencing Guideline § 5K1.1] in this case." Supp. Appx. at 115 (emphasis added). Counsel for Ortiz stated that Ortiz had "demonstrated his willingness to cooperate" with the United States by "speak[ing]on numerous occasions with the agents in the matter" and to the FBI about "other matters that are not part of this particular investigation," and that "we don't know if, eventually, that will result in the Government, perhaps, filing a Rule 35 within the next year [i.e., a motion under Fed. R. Crim. P. 35(a), which provides that '[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person]." Id. (emphases added).

After hearing from counsel and from Ortiz himself, the District Court sentenced Ortiz to 360 months imprisonment–the minimum term of imprisonment provided by the Sentencing Guidelines–to be followed by 12 years of supervised release, plus a $400 special assessment. Id. at 119; United States v. Ortiz, E.D. Pa. case no. 2:95-cr-00010-HB-1, Docket No. 598. Ortiz appealed his conviction and sentence, and we affirmed

3

without a published opinion.  United States v. Ortiz, 114 F.3d 1173 (3d Cir. 1997).  In an unpublished memorandum opinion, we noted that Ortiz's attorney had filed an Anders brief indicating that he could not find any nonfrivolous grounds for appeal.  See Anders v. California, 386 U.S. 738 (1967).  And we concluded after careful review that there was no error in the District Court proceedings, that "Ortiz fully understood the charges against him and recognized that he faced the possibility of life in prison," and that there was "no doubt that his rights were fully protected."  Supp. Appx. at 150-151.

Between 1997 and 2004, Ortiz filed a series of motions in the District Court seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The District Court denied those motions and they are not before us today.

On August 8, 2007, Ortiz filed a motion in the District Court captioned "Motion to Compel an Action Promised by the Government" ("MTC").  Ortiz argued in the MTC that he had cooperated with the United States as promised in his plea agreement, and that "as a result of the information and assistance provided by Ortiz," certain "rogue law enforcement officers . . . have been successfully prosecuted."  Supp Appx. at 155 (MTC, Docket No. 910, at 3).  Ortiz argued that because he had cooperated, his plea agreement required the United States to move under Sentencing Guideline § 5K.1.1 and Federal Rule of Criminal Procedure 35 for a reduction in Ortiz's sentence, but "[t]he promised U.S.S.G. § 5k1.1 and the rule 35 motions have not been filed as promised."  Id.

4

Importantly, however, Ortiz did not allege that the government's failure to file a § 5K.1.1 motion was the result of bad faith. Rather, Ortiz wrote that he "believes the government had every intention of filing the motion and may have simply forgotten as a result of an oversight." MTC at 5. Similarly, Ortiz wrote that he was "not in a haste to cry foul just yet, in that, [Ortiz] believes that due to the passage of time, the inaction may have been the result of an oversight or inadvertence." Id. at 6-7. Ortiz closed by stating that he was "not challenging the plea, the sentence or the conviction," but rather was "only seeking to compel a promised action that has been forgotten." Id. at 7.

On September 18, 2007, the United States filed a response to the MTC, arguing that the MTC should be denied because (1) Ortiz had not rendered any cooperation that would justify the United States' filing of a motion under Fed. R. Crim. P. 35, and (2) under Ortiz's plea agreement, the United States retained discretion to decline to file a motion under § 5K.1.1, and decided in good faith not to file one. Supp. Appx. at 170-72 (Docket No. 913, at 3-5). On September 25, 2007, the District Court denied the MTC, holding that Ortiz "does not contend that the Government acted in bad faith and thus [he] is not entitled to relief." Supp. Appx. 175 (Docket No. 914).

Ortiz filed a motion for reconsideration on October 19, 2007. He argued that "while Ortiz said [in his moving papers that] the government's inaction may have been an oversight or inadvertence, he did not necessarily foreclose a bad faith possibility or probability," and that in light of the Response to the MTC filed by the United States, "it is

5

undisputed now that their inaction was deliberate and calculated to breach the agreement." Supp. Appx. at 179 (Docket No. 915, at 4) (emphasis added). The district court denied the motion for reconsideration on October 29, 2007, and Ortiz filed a timely Notice of Appeal on November 7, 2007. Supp. Appx. 182-83 (Docket Nos. 917, 919).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Ortiz contends that the District Court erred by denying the MTC and the motion for reconsideration, and that he is at least entitled to a hearing in the District Court. We disagree.

Where a defendant challenges the United States' failure to move for a downward departure in sentencing, the scrutiny applied by the courts depends on whether or not the case involves a plea agreement on point. If there is no plea agreement, the defendant's challenge will only merit judicial scrutiny if the defendant makes a substantial threshold showing that the United States acted on the basis of an unconstitutional motive, such as the defendant's race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992). If there is a plea agreement on point, however, that agreement may be enforced under principles of contract law. United States v. Carrara, 49 F.3d 105, 107 (3d Cir. 1995).

Here, Ortiz claims that the United States should have filed a motion under Sentencing Guideline § 5K1.1 or under Fed. R. Crim. P. 35. His plea agreement is silent with respect to Rule 35; thus, the Wade standard applies. Because Ortiz has not argued, let alone made a substantial showing, that the United States acted on the basis of an

6

unconstitutional motive in declining to file a Rule 35 motion, his claim does not merit judicial scrutiny, and the District Court did not err in denying relief without a hearing.

Nor did the District Court err with respect to § 5K1.1. In United States v. Isaac, we considered a plea agreement that, like Ortiz's plea agreement here, provided for a § 5K1.1 motion in the event that the defendant rendered substantial assistance to the United States but "[did] not expressly promise that the government will file a § 5K1.1 motion; rather, the government [] retained 'sole discretion' whether to make the motion." 141 F.3d 477, 482 (3d Cir. 1998). We held that when the United States retains "sole discretion" to decide whether to file a § 5K1.1 motion, the only limitation on that discretion is an obligation to act in good faith–i.e., "the government's position [must] be based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." Id. at 484. Thus, "a district court has jurisdiction to determine whether the government's refusal to file a § 5K1.1 motion in circumstances such as these is attributable to bad faith and, accordingly, in violation of the plea agreement." Id.

But an evidentiary hearing need not be held "every time a defendant challenges the prosecutor's exercise of discretion"; rather, "the defendant 'must first allege that he . . . believes the government is acting in bad faith,'" and then, "[i]f the government explains its reasons, the defendant must 'make a showing of bad faith to trigger some form of hearing on that issue.'" Id. (emphasis added and internal citations omitted). No hearing is

7

required "[u]nless the government's reasons are wholly insufficient," or "unless the defendant's version of events, <u>supported by at least some evidence</u>, contradicts the government's explanation." <u>Id.</u> (emphasis added and internal citations omitted).

Here, even assuming that the MTC was timely, we agree with the District Court that Ortiz failed even to <u>allege</u> bad faith in the MTC, and instead argued that the government's refusal to file a § 5K1.1 motion was the result of "oversight or inadvertence"–i.e., that the motion was "a promised action that has been forgotten." MTC at 6-7. Therefore the District Court was not required to inquire into the United States' reasons for refusing to file a § 5K1.1 motion, let alone to hold an evidentiary hearing on the matter. And although Ortiz did allege bad faith in his motion for reconsideration, that allegation came too late, <u>see</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), and was not supported, in any event, by any <u>evidence</u> that would tend to contradict the United States' explanation that, at the time of Ortiz's sentencing–i.e., at the only time at which a § 5K1.1 motion could have been filed–the United States honestly considered the assistance rendered by Ortiz and did not find it to be substantial. Thus, the District Court did not err by denying the MTC or the motion for reconsideration.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.

8